UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA　　　　:
　　　　　　　　　　　　　　　　　　:　　　CASE NO.  1:24-CR-066
　　　　　　　　　　　　　　　　　　:
　　　　vs.　　　　　　　　　　　　:　　　Hon. Douglas R. Cole
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
NICHOLAS T. DRYDEN ET AL　　　　:

---

## MOTION FOR PROTECTIVE ORDER

---

The United States of America hereby respectfully requests that the Court, under Federal Rule of Criminal Procedure 16(d)(1), enter the proposed protective order attached to this Motion. This Order is needed to protect sensitive personal information of the Defendants, third parties, law enforcement investigative techniques, confidential informants and/or cooperating defendants from disclosure to the public.  Undersigned counsel has conferred with counsel for Defendants Dryden and Morelli and has confirmed that they do not oppose the requested order. Because Defendant Moss has not yet retained counsel, the government has been unable to discuss the requested order with him or his counsel.

### BACKGROUND

On June 5, 2024, a federal Grand Jury returned an Indictment charging the Defendants variously with: (1) conspiracy to create and distribute animal crush videos; (2) distribution, receipt of a visual representation of the sexual abuse of children; (3) creation of animal crush videos; and (4) distribution of animal crush videos.  Defendant Dryden had his initial appearance in this district

on June 06, 2024.  Defendant Moss had his initial appearance in this district on August 29, 2024.

Defendant Morelli has not yet appeared in this district due to ongoing treatment in New Jersey.

*See* Docket Entry 15.

## LEGAL STANDARD

Federal Rule of Criminal Procedure Rule 16(d)(1) empowers district courts to issue

protective orders limiting the use and distribution of discovery materials for "good cause."  Fed. R.

Crim. P. 16(d)(1).  Specifically, the Rule provides that "[a]t any time the court may, for good cause,

deny, restrict, or defer discovery or inspection, or grant other appropriate relief." *Id.* The Rule further

provides that the Court may permit a party to show good cause by an *ex parte* written statement, and

that, if relief is granted, the *ex parte* submission shall be maintained under seal. *Id.*

The Supreme Court has long recognized the necessity of such authority, directing that "the

trial court can and should, where appropriate, place a defendant and his counsel under enforceable

orders against unwarranted disclosure of the materials[,] which they may be entitled to inspect."

*Alderman v. United States*, 394 U.S. 165, 185 (1969). Sufficient cause to warrant a protective order

may include "the safety of witnesses and others," and "a particular danger [of] perjury or witness

intimidation." Advisory Committee Notes to Fed. R. Crim. P. 16(d). As one Sixth Circuit Court has

explained, "[W]itness safety is paramount, and the Court cannot ignore threats to, or intimidation

of, witnesses." *United States v. Darden,* 2017 WL 3700340, *2 (Aug. 28, 2017); *accord United

States v. Figueras*, No. 09 Cr. 103S, 2009 WL1364640, at *1-2 (W.D.N.Y. May 19, 2009)

(protective order issued to secure the identity of confidential informants); *United States v. Garcia*,

406 F. Supp. 2d 304, 306-07 (S.D.N.Y. 2005) (entering protective order governing defendants'

access to and disclosure of Jencks Act material).

## ARGUMENT

There is "good cause" to enter a protective order under Rule 16(d)(1). Dissemination of this

information could lead identification of third-party subjects or confidential informants, which would present a risk to the safety to those witnesses and others, as well as a risk of witness tampering. Preventing the defendant from disseminating discovery materials will help mitigate those risks. Further, the discovery includes: (1) personal identifying information that is too voluminous to redact; (2) sensitive personal information of the Defendants; (3) information on undercover law enforcement operations; and (4) information related to sensitive law enforcement investigative techniques.  Release of this material should be limited, as it could prejudice or embarrass the Defendants, or interfere with future law enforcement investigations.

By preventing the dissemination of discovery materials that, taken together, could be used to identify witnesses and cooperators, harm future investigations, or prejudice/embarrass the Defendants, the proposed protective order appropriately balances the need to prevent those outcomes with the defendant's participation in their defenses.  Under the proposed protective order, defense counsel will have access to all discovery materials; however, the protective order limits further dissemination of those materials to varying degrees based on the material's classification as: (1) General Discovery Materials; (2) Sensitive Discovery Materials; (3) Attorneys' Eyes Only Materials; and (4) Inspection Only Materials.  This limitation is imperative to protect the safety, and prevent witness tampering of, potential witnesses and cooperators. It is also needed to protect the Defendants' and others' personal information, and future law enforcement investigations. Furthermore, the proposed protective order permits a defendant to request permission from the Court to disseminate Sensitive Discovery Materials, Attorneys' Eyes Only Materials, and information describing Discovery Materials in the Inspection Only Materials categories.

WHEREFORE, the Government respectfully requests that the Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, grant this Motion and adopt the proposed protective order.

Respectfully submitted,

KENNETH L. PARKER
UNITED STATES ATTORNEY

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment and Natural Resources Division
U.S. Department of Justice

*s/ Adam C. Cullman*
ADAM C. CULLMAN (KY #93912)
Special Assistant United States Attorney &
Sr. Trial Attorney, Environmental Crimes Sec.
Environment and Natural Resources Division
221 E. 4th St. Ste. 400
Cincinnati, Ohio 45244

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Government's Motion for Protective Order* has been electronically served via the Court's CM/ECF system upon all counsel of record this __13th_ day of September, 2024.

*s/ Adam C. Cullman*
ADAM C. CULLMAN (KY#93912)
SR. TRIAL ATTORNEY
SPECIAL ASSISTANT U.S. ATTORNEY
