UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 1:24-CR-066 |
| | : | |
| vs. | : | Hon. Douglas R. Cole |
| | : | |
| | : | |
| NICHOLAS T. DRYDEN ET AL | : | |

**PROPOSED PROTECTIVE ORDER**

WHEREAS, after receiving a discovery request, the government will produce to the Defendants discovery relating to the above-captioned matter, some of which includes information falling into one or more of the following categories (collectively, "Protected Information"):

a. Materials relating to ongoing investigations of individuals other than the defendant ("Law Enforcement Sensitive Information");

b. Documents and electronic data that contain information relating to the identity, or that could be used to ascertain the identity, of any confidential informants ("CIs") or Cooperating Defendants ("CDs") ("CI/CD Information");

c. All Audio-Visual materials, including but not limited to video and audio recordings, that contain information relating to the identity, or could be used to ascertain the identity of any CIs or CDs ("CI/CD Audio-Visual Information").

WHEREAS, the government represents that the unrestricted dissemination of Protected

Information could adversely affect the privacy interests and safety of third parties (including confidential informants and cooperating defendants), as well as ongoing investigations; and the Court finds, that for that reason, the government has a compelling interest in preventing Protected Materials from being disclosed to anyone not a party to the court proceedings in this matter;

AND WHEREAS, the Court has the power under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

IT IS HEREBY ORDERED that:

1. Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the government shall segregate the material provided in discovery (the "Discovery Materials") into four categories: (1) General Discovery Materials; (2) Sensitive Discovery Materials; (3) Attorneys' Eyes Only Materials; and (4) Inspection Only Materials. The category to which particular discovery materials belong shall be clearly identified by the government.

   a. General Discovery Materials are defined as documents and other materials that are not otherwise designated as falling into the categories of Sensitive Discovery Materials, Attorney's Eyes Only Materials, or Inspection Only Materials. Those materials will be marked as General Discovery Materials.

   b. Sensitive Discovery Materials are defined as those including any Personal Identifying Information[1] or Financial Information.[2]

   c. Attorneys' Eyes Only Materials are defined as including Discovery Materials

---

[1] Personal Identifying Information (or, "PII") is defined as any information that can be used to distinguish or determine a person's identity, including, but not limited to, names, dates of birth, phone numbers, social security numbers, and account numbers (bank, credit card, debit card, etc.).

[2] Financial Information is defined as any information related to a financial institution or a financial transaction, including bank accounts, credit/debit card numbers, account statements, checks, or transaction records.

2

    containing Law Enforcement Sensitive Information, or CI/CD Information;

  d. Inspection Only Materials are defined as including Discovery Materials that contain CI/CD Audio-Visual Information.

2. With the exception of Inspection Only Materials, the government shall mark each page of each document and each item provided as Discovery Materials with a unique identifying stamp prefix that identifies the category into which the material falls, or, if marking is not practicable due to the format of the discovery, shall otherwise clearly inform defense counsel in writing of the designation.

3. The "Defense Team" is defined as (i) the defendant; (ii) counsel of record for the defendant and their staff members (associates, paralegals, investigators, litigation support personnel, and legal assistants/secretarial staff) and (iii) experts, translators, interpreters, consultants and investigators retained to assist in the preparation of the defense.

4. Except as provided in this Order, General Discovery Materials can be shared with all members of a Defendant's Defense Team and may be left in the possession of a Defendant.

5. Sensitive Discovery Materials shall not be disseminated[3] by anyone other than defense counsel of record, and said dissemination shall be subject to the following restrictions:

  a. A Defendant's counsel of record shall not disseminate Sensitive Discovery Materials to any individuals, organizations, or other entities, other than to members of that Defendant's Defense Team.

  b. Sensitive Discovery Materials may be shown to a Defendant, but such materials may not be left in the possession or custody of that Defendant. In addition, a Defendant is

---

[3] "Disseminate" means to provide, show, or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

3

prohibited from maintaining in his possession any notes, summaries, or other materials derived from Sensitive Discovery Materials, regardless of who prepared the notes.

6. Attorneys' Eyes Only Materials shall not be further disseminated by counsel of record to any individuals, organizations, or other entities, except as provided below:

    a. Counsel of record for a Defendant may disseminate any Attorneys' Eyes Only Materials only to their associates, paralegals, litigation support personnel, and legal assistants/secretarial staff assigned to that Defendant's Defense Team, as well as any retained experts. Counsel of record may not disseminate any Attorneys' Eyes Only Materials to the defendant, experts who have not been retained, translators, interpreters, or consultants, or to witnesses or potential witnesses.

7. Inspection Only Materials may only be viewed at the United States Attorney's Office by a Defendant's counsel of record, their associates, paralegals, litigation support personnel, retained experts, and legal assistants/secretarial staff assigned to that Defendant's Defense Team. Inspection Only Materials may not be copied and any notes taken in reference to Inspection Only Materials shall not be further disseminated by counsel of record to any individuals, organizations, or other entities, except as provided below:

    a. Counsel of record for a Defendant may disseminate any notes related to Inspection Only Materials only to their associates, paralegals, litigation support personnel, and legal assistants/secretarial staff assigned to that Defendant's Defense Team, as well as any retained experts. A Defendant's counsel of record shall not disseminate any notes related to Inspection Only Materials to that Defendant, experts who have not

been retained, translators, interpreters, or consultants, or to witnesses or potential witnesses. A Defendant's counsel of record shall not disseminate or disclose any CI or CD identifying information to that Defendant, experts who have not been retained, translators, interpreters, or consultants, or to witnesses or potential witnesses.

8. If the parties cannot agree on a designation of any of the Discovery Materials, the defendant, through counsel of record, may seek relief from the government's designation (or a re-designation) as to a particular item of discovery by filing a motion with the Court. The government shall be given an opportunity to respond to the motion. No further dissemination of the item(s) shall be made until after the Court rules on the motion.

9. Each member of the Defense Team to whom disclosure is made pursuant to the terms of this Order shall be provided a copy of this Order and shall be advised that he or she shall not further disseminate the materials, except as provided herein. No Discovery Materials shall be disseminated to any person unless that person first signs the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order. The signed Acknowledgment shall be filed with the Court under seal. If the Acknowledgement is signed by a potential witness (i.e., a retained expert), who the Defense is not yet required to disclose, that individual's identity may be redacted on the sealed filing with the Court.

10. Defense counsel of record shall file **under seal**, and serve on the Government, a motion for permission to disseminate any Discovery Materials in the Sensitive Discovery Materials and Attorneys' Eyes Only Materials categories, and any information describing Discovery Materials in the Inspection Only Materials category, to any individual not expressly authorized to receive such

materials by this Protective Order. The defense may submit with the motion an *ex parte* statement of the reasons purportedly justifying such disclosure. The government shall be given an opportunity to respond to the motion, and no further dissemination of the item(s) shall be made until after the Court rules on it. Before receiving any Discovery Materials, each of the individuals to whom the Court authorizes disclosure to be made shall sign the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order. The signed Acknowledgment shall be filed with the Court under seal.

11. Defense counsel of record shall not attach any Discovery Materials, in the Sensitive Discovery Materials, Attorneys' Eyes Only Materials, and Inspection Only Materials categories to any public filings, or describe their contents in public filings, without prior notice to and consent from the Government. If defense counsel and the Government cannot agree on the manner in which the Discovery Materials in the Sensitive Discovery Materials, Attorneys' Eyes Only Materials, Inspection Only Materials categories or their contents may be publicly disclosed, the parties shall seek resolution of such agreements by the Court.

12. The substitution, departure, or removal for any reason from this case of counsel for the defendant, an expert witness, or anyone associated with the Defense Team shall not release that person from the provisions of this Order or the Acknowledgement executed in connection with this Order. Additionally, any Discovery Materials, including copies and notes, within the possession of a former member of the Defense Team shall be immediately returned to defense counsel of record.

13. Defense counsel shall store all Discovery Materials, and any copies thereof, in a secure place, such that the Discovery Materials cannot be accessed by others not on the Defense Team.

14. The Discovery Materials in this case are now and will forever remain the property of the United States Government. Upon the conclusion of this matter, the Defendant and counsel agree to continue holding the Discovery Materials consistent with the provisions of this Protective Order.

15. All Discovery Materials are to be provided to counsel of record for a Defendant, and used by that Defendant and his Defense Team, solely for the purpose of allowing that Defendant to prepare his defense. A Defendant and his Defense Team shall not make, or participate in the making of, any extrajudicial disclosure of Discovery Materials for dissemination by means of public communication, unless such materials are (or become) public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise properly placed in the public domain.

16. The government is responsible for correctly identifying into which of the above categories it believes the Discovery Materials fall. The government is also responsible for properly marking the Discovery Materials in a clear manner to identify the category in which the Discovery Materials were placed by the government. A Defendant and his Defense Team may rely on the government's designated or re-designated category identifications of the Discovery unless and until modified by the Court's order. Moreover, the Defense Team has no obligation to determine the category into which the Discovery Materials belong or may belong. However, defense counsel of record shall, in good faith, inform the government of any Discovery Materials that the government has entirely failed to mark, and a Defense Team shall refrain from dissemination of said discovery until the government has identified the item's category and marked the item as such.

*[Intentionally Blank]*

17. Nothing in this Order shall preclude the government or the defendant from seeking a further Protective Order pursuant to Rule 16(d) as to particular items of Discovery Materials. This Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

**SO ORDERED:**

Dated: _____          _____

HON. DOUGLAS R. COLE
UNITED STATES DISTRICT JUDGE

Appendix A

## **ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he or she has read the Protective Order entered in the United States District Court for the Southern District of Ohio in the case captioned United States v. Nicholas Dryden, et al., Criminal No. 1:24-CR-00066, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any documents or information made available to him or her other than in strict compliance with the Order. The undersigned acknowledges that his or her duties under the Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

DATED:_____  BY: _____
                                                         (type or print name)

                                            SIGNED: _____